FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

KIL SOO LEE,
    *Defendant-Appellant.*

No. 05-10478
D.C. No.
CR-01-00132-SOM
OPINION

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted
November 13, 2006—Honolulu, Hawaii

Filed December 27, 2006

Before: Stephen S. Trott, Kim McLane Wardlaw, and
William A. Fletcher, Circuit Judges.

Opinion by Judge Trott

## SUMMARY

**Criminal Law and Procedure/Jurisdiction**

The court of appeals affirmed a judgment of the district court. The court held that a person arrested in American Samoa for allegedly committing federal crimes in American Samoa may be tried and convicted in federal district court in Hawaii, pursuant to 18 U.S.C. §§ 3231 and 3238.

Appellant Kil Lee was charged in district court in Hawaii under Title 18 with extortion, money laundering, conspiring to violate the civil rights of others, and holding workers to a condition of involuntary servitude, in connection with Lee's operation of a garment factory in American Samoa, an unincorporated territory of the United States located in the South Pacific. Lee moved to dismiss for lack of jurisdiction and improper venue, claiming that the High Court of American Samoa had exclusive jurisdiction and venue. The district court denied the motion. Lee was convicted and sentenced to 480 months in prison.

Lee appealed his conviction and sentence.

[1] Section 3231 vests district courts of the United States with jurisdiction to prosecute federal crimes. The United States District Court for the District of Hawaii is a district court of the United States. Moreover, Title 18 applies to American Samoa. Accordingly, the Hawaii district court has jurisdiction to try individuals for federal crimes committed in American Samoa.

[2] The Constitution of American Samoa provides that judicial power shall be vested in the High Court, the district courts, and such other courts as may from time to time be created by law. The American Samoa Code provides that criminal cases shall be prosecuted and tried only in a court having territorial jurisdiction over the place where the crime was committed. Thus, the High Court has jurisdiction to hear criminal cases involving charges brought under American Samoa law. [3] Under American Samoa's current legal system, the High Court cannot try an individual for violations of Title 18. Section 1.0201 of the America Samoa Code provides that the parts of the Constitution and the laws of the United States that, by their own force, are in effect in American Samoa have the effect of law in American Samoa. Section 1.0201 could not reasonably be interpreted to incorporate Title 18 into American Samoa law. The statute does not even

discuss incorporation, and the High Court appeared never to have tried a defendant for a violation of Title 18. This strongly demonstrated a lack of incorporation.

[4] Even assuming for the sake of argument that Title 18 had been incorporated into American Samoa law, federal district courts would not be deprived of jurisdiction. Simply put, any incorporation of Title 18 into the American Samoa Code could not reasonably be interpreted to trump § 3231, which gives United States district courts jurisdiction over federal crimes. Congress did not create a United States district court in American Samoa. [5] Even if the American Samoa legislature incorporated Title 18 into American Samoa law through explicit legislation, American Samoa courts would not have exclusive jurisdiction. In such a case, federal district courts and American Samoa courts would have concurrent jurisdiction—meaning American Samoa courts could try the individual under American Samoa law that incorporated Title 18, and federal district courts could try the individual under federal law.

[6] Under § 3238, the trial of all offenses begun or committed out of the jurisdiction of any particular state or district shall be in the district in which the offender is arrested or is first brought. Lee was arrested in American Samoa, and first brought to Hawaii. Thus, the issue was whether American Samoa constitutes a district under § 3238, an issue of first impression in the Ninth Circuit. [7] Although the term "district" is not defined in § 3238, Title 28 establishes the federal judicial districts. American Samoa is not enumerated as a judicial "district" among those listed in Title 28. Thus, it followed that American Samoa is not a "district" pursuant to § 3238. Because American Samoa is not within any judicial district, venue was proper in the District of Hawaii in accordance with § 3238. [8] It had to be concluded that Lee was properly tried and convicted in the Hawaii district court for committing federal crimes in American Samoa because (1) § 3231 vested the district court with jurisdiction, and (2)

venue was proper in the District of Hawaii under § 3238. Lee's conviction and sentence had to be affirmed.

## COUNSEL

Earle A. Partington, Honolulu, Hawaii, for the defendant-appellant.

Lisa J. Stark, Department of Justice, Washington, D.C., for the plaintiff-appellee.

## OPINION

TROTT, Circuit Judge:

This appeal raises the issue of whether a person arrested in American Samoa for allegedly committing federal crimes in American Samoa may be tried and convicted in the United States District Court for the District of Hawaii ("District Court"). Kil Soo Lee ("Lee") was convicted of extortion, money laundering, conspiring to violate the civil rights of others, and holding workers to a condition of involuntary servitude. Lee argues that his conviction and sentence are void because, first, the District Court lacked jurisdiction, and, second, the District of Hawaii was an improper venue. We disagree. We hold that the District Court had jurisdiction, and the District of Hawaii was a proper venue, pursuant to 18 U.S.C. § 3231, and 18 U.S.C. § 3238, respectively.

## I

## BACKGROUND

Lee owned and operated a garment factory in American Samoa, an unincorporated territory of the United States

located in the South Pacific. Lee recruited individuals from Vietnam, China, and American Samoa to work at the factory. Once the workers arrived in American Samoa, Lee controlled most aspects of their lives, including when and whether they could leave the compound, eat, or be paid.

Initially, Lee's actions included incidents of imprisonment, starvation of his workers, and deportation threats. Lee prevented workers from leaving the compound for several days at a time. In addition, Lee fed workers so sparingly that they were forced to sneak out of the compound in search of food. At trial, the workers' imprisonment and starvation claims were corroborated by individuals outside the compound. For example, on at least two different occasions, individuals observed Vietnamese women behind barbed-wire fences crying for food and help. Although those events prompted American Samoa authorities to investigate the factory conditions as early as May 1999, Lee obstructed these investigations by threatening to deport, or deporting, any worker who cooperated with the authorities.

Eventually, factory supervisors and guards began to physically abuse workers who disobeyed orders. The most violent abuse occurred on November 28, 1999. On that day, Lee, faced with a difficult deadline on a large contract, ordered Nuu'Uli, a Samoan supervisor, to beat disobedient workers. According to one witness, Lee said to Nuu'Uli, "you can beat anyone who don't [sic] listen to you. If anyone die [sic], I will be responsible." Immediately thereafter, Nuu'Uli grabbed the shirt collar of one of the workers and choked her until she was unable to breath. When Vietnamese workers came to her rescue, approximately 20 Samoan guards attacked the seamstresses with plastic plumbing pipes. During the altercation, one Vietnamese worker lost her eye. Several other Vietnamese workers were injured. In describing the event, one worker testified, "It was [like] watching a film where the people are being brutally beaten to the point of like massacre . . . .

[T]here was a lot of blood on the line and on the floor of the factory and on the fabrics."

For reasons unknown to this court, American Samoa authorities did not prosecute Lee; however, the United States government did. On March 23, 2001, the District Court issued a warrant for Lee's arrest. The Complaint alleged violations of 18 U.S.C. § 1584 (involuntary servitude) and 18 U.S.C. § 1589 (forced labor). Federal authorities arrested Lee in American Samoa. Two days later, authorities transferred Lee approximately 2,300 miles to Hawaii, the site of the federal district court nearest to American Samoa. On April 5, 2001, a federal grand jury returned a two-count indictment charging Lee with the offenses set forth in the Complaint.

On July 16, 2001, Lee moved to dismiss for lack of jurisdiction and improper venue. Specifically, Lee claimed, "under the Constitution and relevant statutes, jurisdiction and venue in this case properly lies in the court of American Samoa, which has been vested with plenary judicial authority over the territory of American Samoa." In response, the government asserted that the District Court had jurisdiction, and was a proper venue, under 18 U.S.C. § 3231 and 18 U.S.C. § 3238, respectively. The District Court agreed with the government, and denied Lee's motion on August 30, 2001. The court indicated that, technically, Lee had not moved for dismissal on the ground of jurisdiction, but rather venue. Then, the court disposed of Lee's venue argument in three steps. First, the court noted that the case turned on whether American Samoa was a "district" pursuant to venue statute 18 U.S.C. § 3238.[1] Second, the court held that American Samoa was not a "district" because (1) American Samoa was absent from the list of judicial districts in the United States Code, and (2) Con-

---

[1] Section 3238 reads: "The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender . . . is arrested or is first brought . . . ."

gress never vested American Samoa courts with the authority of statutorily defined "district courts." Third, the court concluded that because United States district courts maintain jurisdiction to prosecute federal crimes pursuant to § 3231, and because American Samoa did not constitute a "district" pursuant to § 3238, the court was appropriately exercising jurisdiction and the District of Hawaii was a proper venue.

On that same day, a federal grand jury returned a 22-count superseding indictment. Lee was charged with (1) conspiring to deny approximately 250 garment workers the right to be free from involuntary servitude in violation of 18 U.S.C. § 241 (Count 1); (2) holding seventeen workers to a condition of involuntary servitude in violation of 18 U.S.C. §§ 1584 and 1594 (Counts 2-18); (3) extortion in violation of 18 U.S.C. § 1951 (Count 19); (4) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count 20); (5) making a false statement to a financial institution in violation of 18 U.S.C. § 1014 (Count 21); and (6) bribery in violation of 18 U.S.C. § 215(a)(1) (Count 22).

After a four month jury trial, Lee was convicted of 14 counts: Count 1 (conspiracy to violate civil rights); Counts 2, 3, 4, 5, 6, 7, 9, 12, 13, 15, and 17 (involuntary servitude); Count 19 (extortion); and Count 20 (money laundering). Lee was sentenced to a term of imprisonment totaling 480 months. The court imposed consecutive sentences. Lee filed a timely appeal.

## II

## STANDARD OF REVIEW

We determine jurisdiction and venue issues *de novo*. *United States v. Phillips*, 367 F.3d 846, 854 (9th Cir. 2004) (as amended) (jurisdiction); *United States v. Liang*, 224 F.3d 1057, 1059 (9th Cir. 2000) (venue).

## III

## DISCUSSION

### A. Jurisdiction

[1] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *United States v. Arnaiz*, 842 F.2d 217, 219 (9th Cir. 1988) (quoting *Gen. Atomic Co. v. United Nuclear Corp.*, 665 F.2d 968, 968-69 (9th Cir. 1981)). In 18 U.S.C. § 3231, entitled "District courts," Congress vested district courts of the United States with jurisdiction to prosecute federal crimes:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

The United States District Court for the District of Hawaii is a "district court of the United States." *See* 28 U.S.C. §§ 91, 132(a), 451. Moreover, Title 18 applies to American Samoa, an unincorporated territory of the United States. *See* 18 U.S.C. § 5 (defining "United States" in Title 18 as including "all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone"); *see also United States v. Standard Oil Co.*, 404 U.S. 558, 559-60 (1972) (per curiam) (holding that American Samoa is a "[t]erritory of the United States" within the meaning of § 3 of the Sherman Act). Accordingly, the District Court has jurisdiction to try individuals for federal crimes committed in American Samoa.

Lee's contention that § 3231 does not vest the District Court with jurisdiction in this case because the High Court of

American Samoa ("High Court") holds exclusive jurisdiction to try individuals for federal crimes in American Samoa is not persuasive. Lee's argument consists of two parts. First, Lee contends Congress granted the High Court jurisdiction to enforce American Samoa law pursuant to a chain of delegations that starts with 48 U.S.C. § 1661. Second, Lee claims that the High Court's jurisdiction, developed through executive delegations, trumps federal district court jurisdiction in American Samoa.

[2] Lee's first argument is correct. In relation to American Samoa, Congress directed as follows:

> Until Congress shall provide for the government of such islands, all civil, judicial, and military powers shall be vested in such person or persons and shall be exercised in such manner as the President of the United States shall direct; and the President shall have power to remove said officers and fill the vacancies so occasioned.

48 U.S.C. § 1661(c). The President, in turn, delegated this authority to the Secretary of the Interior. Exec. Order No. 10,264, 16 Fed. Reg. 6,417 (June 29, 1951). Exercising the authority delegated to him, the Secretary of the Interior approved the Constitution of American Samoa, which provides, "The judicial power shall be vested in the High Court, the District Courts, and such other courts as may from time to time be created by law." Am. Samoa Const. art. III, § 1. This Constitution grants the American Samoa legislature power to enact and enforce laws. *Id.* art. II, §§ 1, 9. Relevant here, the American Samoa Code provides: "Criminal cases shall be prosecuted and tried only in a court having territorial jurisdiction over the place where the crime was committed." Am. Samoa Code Ann. § 3.0103(c). Thus, the High Court has jurisdiction to hear criminal cases involving charges brought under American Samoa law.

[3] The second prong of Lee's argument — that the High Court has *exclusive* jurisdiction to try individuals for federal crimes in Title 18 — lacks merit for two reasons. First, under American Samoa's current legal system, the High Court cannot try an individual for violations of Title 18. Lee's argument to the contrary rests entirely on § 1.0201 of the America Samoa Code, which provides that "the parts of the Constitution of the United States of America and the laws of the United States of America [that], by their own force, are in effect in American Samoa" have "the effect of law in American Samoa." According to Lee, § 1.0201 "incorporated" Title 18 into American Samoa law, thus allowing the High Court to try individuals under Title 18. However, § 1.0201 cannot reasonably be interpreted to incorporate Title 18 into American Samoa law. For one thing, the statute does not even discuss incorporation. In addition, the High Court appears never to have tried a defendant for a violation of Title 18. Thus, the plain language of § 1.0201, coupled with the fact that the High Court appears never to have tried an individual under Title 18, strongly demonstrate a lack of incorporation.

[4] Second, even assuming *arguendo* that Title 18 had been incorporated into American Samoa law — making a violation of Title 18 a violation of American Samoa law — federal district courts would not be deprived of jurisdiction. Simply put, any incorporation of Title 18 into the American Samoa Code cannot reasonably be interpreted to trump 18 U.S.C. § 3231. In § 3231, Congress gave United States district courts jurisdiction over federal crimes. Congress did not create a United States District Court in American Samoa. *See* 28 U.S.C. §§ 81-131 (listing all judicial "districts," but not including American Samoa). If Congress wanted to establish a court in American Samoa with the power to try individuals for crimes committed under federal law, it would have either (1) created a federal district court in American Samoa, or (2) explicitly directed an existing American Samoa court to assert jurisdiction over a particular criminal matter. Indeed, in the past, when Congress has intended the High Court to exercise juris-

diction over a criminal matter, it has explicitly granted such authority. *See, e.g.*, 7 U.S.C. § 87f(h) ("The United States district courts, the District Court of Guam, the District Court of the Virgin Islands, [and] the highest court of American Samoa . . . shall have jurisdiction in cases arising under this chapter."); 7 U.S.C. § 136(i) (defining "district court" to include "the highest court of American Samoa" for purposes of an "environmental pesticide control" statute); 7 U.S.C. § 2146(c) (granting "the highest court of American Samoa" jurisdiction over cases involving the "transportation, sale, and handling of certain animals"); 7 U.S.C. § 8314(c)(1) (animal health protection); 15 U.S.C. § 1825(d)(6) (protection of horses); 21 U.S.C. § 467c (poultry inspection); 21 U.S.C. § 674 (meat inspection); 49 U.S.C. § 30102(a)(11) (motor vehicle safety). Even the High Court itself has acknowledged that it "should hesitate to increase its jurisdiction without explicit directive from Congress." *Star-Kist Samoa, Inc. v. The M/V Conquest*, 3 Am. Samoa 2d. 25, 28 (1986).

[5] This is not to say that the American Samoa legislature cannot incorporate Title 18 into American Samoa law through explicit legislation. However, even if this were to occur, American Samoa courts would not have exclusive jurisdiction. In such a case, federal district courts and American Samoa courts would have concurrent jurisdiction — meaning American Samoa courts could try the individual under *American Samoa law* that incorporated Title 18, and federal district courts could try the individual under *federal law*. The Supreme Court's decision in *Wynne v. United States*, 217 U.S. 234 (1910), supports this result. There, the Court denied the defendant's argument that the territorial courts of Hawaii were vested with exclusive jurisdiction to try him for murder committed in the harbor of Honolulu. *Id.* at 245. The Court wrote:

> If it be true, as claimed, that the territorial courts exercise jurisdiction over homicides in the harbor of Honolulu, under and by virtue of the laws of Hawaii

19976    United States v. Lee

> . . . , it only establishes that there may be concurrent jurisdiction in respect of certain crimes when committed in certain places, and is far from establishing that the courts of the Union have been deprived of a jurisdiction which they have at all times claimed and exercised over certain offenses when committed . . . out of the jurisdiction of any particular state.

*Id.* Thus, according to the Court, if a federal district court has jurisdiction, a territorial court cannot claim exclusive jurisdiction over the case. More recently, in *King v. Morton*, the United States Court of Appeals for the District of Columbia Circuit expressed the same view. 520 F.2d 1140, 1144 (D.C. Cir. 1975) ("[T]hat Samoan courts are competent to adjudicate claims of Samoan litigants arising under the laws of the United States does not prevent district courts from hearing such claims when jurisdiction is otherwise proper.").

### B. Venue

[6] The United States Constitution provides that "[t]he Trial of all Crimes . . . shall[,] . . . when not committed within any State, . . . be at such Place or Places as the *Congress may by Law have directed.*" U.S. Const. art. III, § 2, cl. 3 (emphasis added). Congress directed as follows in 18 U.S.C. § 3238, entitled "Offenses not committed in any district":

> The trial of all offenses begun or committed upon the high seas, or elsewhere *out of the jurisdiction of any particular State or district*, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested *or is first brought*
> . . . .

(emphasis added). Here, the government arrested Lee in American Samoa, and "first brought" him to Hawaii. Thus, the issue is whether American Samoa constitutes a "district" under § 3238. If American Samoa is a "district," then § 3238

does not apply, and venue is improper in the District of Hawaii.

This is an issue of first impression. We have held that the term "district" includes territories containing "district courts" pursuant to an act of Congress. *United States v. Santos*, 623 F.2d 75, 77 (9th Cir. 1980) (holding that an offender arrested in Guam must be prosecuted in the United States District Court for the District of Guam because § 3238 does not apply in cases involving territories with a district court). However, this holding did not extend to territories lacking a "district court," like American Samoa.

Lee's primary argument is that such extension is warranted under *Ex Parte* Bollman, 8 U.S. (4 Cranch) 75 (1807). In *Bollman*, the Court held that defendants arrested in the "territory of New-Orleans" could not be prosecuted in the District of Columbia under a former version of § 3238. *Id.* at 135-36. The Court indicated that § 3238 did not make the District of Columbia a proper venue because "a tribunal for the trial of the offence [sic] . . . had been provided by [C]ongress; and at the place where the prisoners were seized . . . , there existed such a tribunal." *Id.* at 136. Accordingly, Lee asserts § 3238 does not apply in this case because "a tribunal," the High Court, has been "provided by Congress" in American Samoa, the place where Lee was "seized." *See id.*

Lee's argument is unavailing. Prior to *Bollman*, Congress had explicitly established a United States District Court for the territory of New Orleans. Act of March 26, 1804, ch. 38, 2 Stat. 285 ("There shall be established in the [territory of New Orleans] a district court . . . ."). Thus, when the Court stated that venue was improper in the District of Columbia under § 3238, the existing tribunal it was referring to was the Congressionally-established district court. Here, Congress never established a federal district court in American Samoa. If it had, it is undisputable that our holding in *Santos* would

preclude the application of § 3238 to this case. *See Santos*, 623 F.2d at 77. Therefore, *Bollman* is not applicable here.

[7] Instead, a plain reading of the United States Code reveals that American Samoa is not a "district" for the purposes of § 3238. Although the term "district" is not defined in § 3238, Title 28 establishes the federal judicial "districts." *See* 28 U.S.C. §§ 81-131. American Samoa is not enumerated as a judicial "district" among those listed in Title 28. Thus, it follows that American Samoa is not a "district" pursuant to § 3238. Lee's argument that the term "district" generically refers to geographical regions, rather than judicial districts, not only defies a plain reading of Titles 18 and 28, but also Supreme Court precedent. In *Jones v. United States*, 137 U.S. 202 (1890), the Court allowed a murder case to be tried in the "circuit court of the United States for the district of Maryland," even though it occurred on the Caribbean island of Navassa, a territory of the United States, because the offense occurred "out of the jurisdiction of any particular state or district." *Id.* at 211, 224. In doing so, the Court indicated that former § 3238 applied when the offense committed occurred "not within any *judicial district*." *Id.* at 211 (emphasis added). This comment reveals that the Court interpreted the term "district" to mean "judicial district," not a geographical region. Because American Samoa is not within any judicial district, venue was proper in the District of Hawaii in accordance with § 3238.

## CONCLUSION

[8] We conclude that Lee was properly tried and convicted in the Hawaii District Court for committing federal crimes in American Samoa because (1) § 3231 vested the District Court with jurisdiction, and (2) venue was proper in the District of Hawaii under § 3238. This holding is consistent with the plain

language of the applicable statutes, and Supreme Court precedent. Lee's conviction and sentence stands.[2]

**AFFIRMED**

---

[2] We also affirm the District Court's holding on the merits. Lee's claims are unavailing. The prosecutor's misconduct did not constitute reversible error, the court did not violate due process by refusing to instruct the jury on American Samoa law, and Lee's consecutive sentences were properly imposed.